**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-31131
_____

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing
business as Blue Cross & Blue Shield of Louisiana,

                                        Plaintiff - Appellee,

                    VERSUS

BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC., ET AL,

                                        Defendants,

    JAMES H. "JIM" BROWN, in his official capacity as
 Commissioner of Insurance of the State of Louisiana,
            Department of Insurance

                                        Movant - Appellant,
--------------------------------------------------------------------

    BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC., ET AL,

                                        Plaintiffs,

                    VERSUS

 LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, doing
  business as Blue Cross & Blue Shield of Louisiana,

                                        Defendant - Appellee,

    JAMES H. "JIM" BROWN, in his official capacity as
 Commissioner of Insurance of the State of Louisiana,
            Department of Insurance

                                        Movant - Appellant.

_____

        Appeal from the United States District Court

_____

October 9, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

The Louisiana Department of Insurance ("the Department"), through James H. "Jim" Brown in his official capacity as Commissioner of Insurance of the State of Louisiana, challenges the district court's order directing the Department to produce documents it gathered during an examination of Louisiana Health Service & Indemnity Company, which was under the administrative supervision of the Department.[2]

We learned for the first time at oral argument that after the district court ordered the documents produced and then declined to stay its own order, the Department delivered the documents to the appellee. We inquired as to what relief the appellant sought from this court. Counsel for the Department argued that because the district court's order established a serious adverse precedent, the Department was entitled to our review of that order.

The concrete issue originally presented in this case--whether the documents were protected under La. Rev. Stat. Ann. § 22:1302(j)

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] We agree with the Department that this order is appealable under the reasoning of our decision in Branch v. Phillips Petroleum Company, 638 F.2d 873 (5th Cir. 1981).

(West 1995)--was rendered moot by the actual production of the documents. The appellant's present desire to clarify the Department's obligation to produce similar documents in the future will not suffice to keep this suit alive. In re Corrugated Containers Grand Jury, 659 F.2d 1330, 1331 (5th Cir. 1981), cert. denied, 456 U.S. 936 (1982) (deciding that an appeal challenging a district court order that required the Department of Justice to turn over to plaintiffs the transcripts of testimony before the grand jury was moot, where transcripts already had been produced). See also Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d §§ 3533, 3533.1 (1984).

This case is moot. The appeal is dismissed.